Merle STRICKLAND, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13658.

Court of Criminal Appeals of Oklahoma.

July 7, 1965.

Joe Tom Smith, Tulsa, for plaintiff in error.

No appearance for State of Oklahoma.

BUSSEY, Presiding Judge.

Merle Strickland, hereinafter referred to as defendant, was charged, tried and convicted for the offense of operating a motor vehicle while under the influence of intoxicating liquor, a second and subsequent offense. He was tried by a jury who found him guilty and fixed his punishment at imprisonment in the State Penitentiary for a term of from one year to five years. Judgment and sentence was pronounced against him on the 24th day of September, 1964. Whereupon, the defendant gave notice of his intention to appeal to the Court of Criminal Appeals.

Various orders were entered by the trial court extending the time within which to make, serve and settle the casemade and perfect an appeal to this Court.

On the 12th day of March, 1965 defendant filed a supplemental motion for new trial, which reads:

"Comes now the defendant, Merle Strickland, and represents and shows to the Court that he is entitled by law to be rendered a new trial in the above styled cause for the reason and upon the grounds that the defendant has been unable to obtain a casemade for the purpose of appeal to the Criminal Court of Appeals due to the untimely death of Nanny Saxon Bell, the Court reporter who reported the trial and transcribed the testimony therein."

Thereafter a hearing was held before the Honorable Eben L. Taylor who rendered the following order:

"ORDER OVERRULING DEFENDANT'S MOTION FOR NEW TRIAL.

"Now on this 17th day of March, 1965, this cause came on for hearing upon the Defendant's Supplemental motion for New Trial. The defendant appearing by his attorney of record, Joe Tom Smith, and the State of Oklahoma being represented by attorney Ted Flanagan, assistant County Attorney of Tulsa County, and after having heard the sworn testimony of Court Reporter, Larry Brown, the Court finds, orders, adjudges and decrees as follows:

"I

"The Court finds that due and proper notice of this hearing has been served personally upon the County Attorney of Tulsa County.

"II

"The Court finds that this case was tried to a Jury on September 17th, 1964, and that the Defendant was formally sentenced to a term of one to five years in accordance with the Jury verdict on September 24, 1965, and that notice of intention to appeal was given by the defendant to this Court on September 24, 1964.

"III.

"The Court finds that the Court Reporter, Nanny Saxon Bell, who reported this case was admitted to St. Johns Hospital on November 26, 1964,

at Tulsa, Oklahoma, and died in said hospital December 19th, 1964.

"IV

"The Court finds from the testimony of Larry Brown, Court Reporter, that a casemade cannot be made from the reported notes of Nanny Saxon Bell due to the fact that she used a system of shorthand that is no longer used and cannot with certainty be deciphered and transcribed by another reporter.

"V

"The Court further finds that a casemade can and should be made from the sound audeograph recordings which recorded the testimony during the trial.

"VI

"The Court further finds that for good cause shown, the defendant is given six months or until March 24, 1965, for the purpose of lodging his appeal and for ordering casemade from another certified Court Reporter.

"VII

"Defendant's objection that it is impossible to make and prepare a casemade is expressly overruled and exceptions allowed."

On the 23rd day of March, 1965, defendant filed in this Court petition in error with transcript attached. This case was set for oral argument on the 2nd day of June, 1965, and was submitted on the record when neither the defendant nor his attorney appeared at said hearing.

No brief has been filed on behalf of the defendant in support of the sole contention raised on appeal that he has through no fault of his own, been denied his constitutional right of appeal, and that in fact and in law, it has been and is impossible for the plaintiff in error to obtain a casemade of the trial proceedings. Nor does it appear that subsequent to the entry of Judge Eben L. Taylor's order of March 17, 1965 that the defendant or his attorney requested the preparation of a casemade from the sound audeograph recordings

taken of the trial proceedings by any of the certified court reporters of Tulsa County.

It appearing to the Court that notwithstanding the death of the court reporter who had transcribed the testimony at the trial, said proceedings were preserved and could have been prepared from the sound audeograph recordings, and that neither counsel for the defendant nor the defendant himself requested the preparation of the casemade from said recordings within the time in which an appeal by casemade could have been perfected.

The judgment and sentence appealed from should be, and the same is hereby Affirmed.

NIX and BRETT, JJ., concur.